OPINION
{¶ 1} Ronald V. Williamitis appeals from a judgment of the Montgomery County Court of Common Pleas, which granted the state's motion for summary judgment on Williamitis' petition for post-conviction relief.
 {¶ 2} On August 27, 2003, Williamitis was indicted for two counts of complicity to commit felonious assault. The indictments were based on Williamitis' efforts to hire a hit man to seriously injure two men. The hit man with which Williamitis had spoken was, in fact, an undercover police officer. In April 2004, Williamitis was convicted after a bench trial of two counts of complicity to commit attempted felonious assault, a lesser-included offense. The court sentenced him to two years of incarceration on one count and to one year in prison for the other count, to be served concurrently.
 {¶ 3} Williamitis filed a notice of appeal on May 6, 2004. The transcript of the trial and sentencing were filed with this court on June 18, 2004. On November 19, 2004, we affirmed Williamitis' convictions but we modified his sentence to reflect two concurrent one-year sentences. State v. Williamitis,
Montgomery App. No. 20508, 2004-Ohio-6234. Williamitis has since been granted a judicial release.
 {¶ 4} On March 25, 2005, Williamitis filed a petition for post-conviction relief. He argued that he was convicted of a crime that does not exist, that there was insufficient evidence to support his conviction because the person solicited was a police officer, that he was entrapped, and that his counsel was ineffective for failing to raise these issues. The state and Williamitis filed motions for summary judgment.
 {¶ 5} The trial court granted the state's motion on several grounds. The court first concluded that Williamitis' petition was untimely filed and that he had failed to provide an excuse for his delay, as provided by R.C. 2953.23. Although the court acknowledged that Williamitis' untimely petition rendered any further analysis unnecessary, it proceeded to address the merits of the petition. The court found that Williamitis had not produced any new evidence that demonstrated that he could not have appealed the issues raised in his petition based on the information already contained in the record and, thus, res judicata applied. The court further found that Williamitis' trial counsel had not rendered ineffective assistance for failing to raise an entrapment defense.
 {¶ 6} Williamitis appeals from that ruling, raising three assignments of error.
 {¶ 7} I. "THE COURT ERRONEOUSLY APPLIED THE SIX MONTH STATUTE OF LIMITATIONS TO THE PETITION."
 {¶ 8} II. "REGARDING THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, THE COURT INCORRECTLY APPLIED THE RES JUDICATA DOCTRINE HERE."
 {¶ 9} III. "THE COURT ERRED IN UPHOLDING A CONVICTION FOR A NONEXISTENT CRIME AND AS A COROLLARY THERETO [IN] NOT HOLDING THAT FAILURE OF COUNSEL TO BRING THIS TO THE ATTENTION OF THE COURT CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT."
 {¶ 10} Although the trial court addressed the merits of Williamitis' petition, it initially held that the petition was not timely filed, and it dismissed the petition on that basis. Upon review of the record, we agree with the trial court that it was prevented by R.C. 2953.23 from entertaining Williamitis' petition for post-conviction relief. Accordingly, we need not address Williamitis' assignments of error to the extent that they do not concern the timeliness of his petition.
 {¶ 11} R.C. 2953.21(A)(2) sets forth the time limitation for filing a petition for post-conviction relief. It provides:
 {¶ 12} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} Under RC 2953.23(A), a court "may not entertain a petition filed after the expiration of the period" set forth in R.C. 2953.21(A)(2) unless both of the following apply:
 {¶ 14} (1) "[e]ither the petitioner shows that he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief; or subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and
 {¶ 15} (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 16} Because Williamitis filed a direct appeal, the time limitation period for post-conviction relief began to run on June 18, 2004, the date on which the transcripts of proceedings were filed in this court in his direct appeal. Williamitis' petition to vacate or set aside his sentence was filed on March 25, 2005, more than 180 days after the filing of the transcript.
 {¶ 17} Williamitis asserts that he can satisfy the requirements of R.C. 2953.23(A)(1) and thus bring an untimely petition for post-conviction relief. Although he recognizes that R.C. 2953.23(A)(1) refers to the discovery of "facts", he claims that the discovery of a new legal theory meets the statutory requirements. In addition, he asserts that he should not be precluded from raising this new legal theory because his allegedly ineffective trial counsel was also his appellate counsel. As noted by the state, Williamitis has made no allegation that the United States Supreme Court has announced any new state or federal right that would apply retroactively to him.
 {¶ 18} We disagree with Williamitis' assertion that a newly discovered legal theory satisfies R.C. 2953.23(A)(1). The "facts" contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction.State v. Czaplicki (May 29, 1998), Montgomery App. No. 16589. The purpose behind R.C. 2953.23 is to "permit trial courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new legal theories using the same underlying facts." State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171; see, also, State v.Melhado, Franklin App. No. 05AP-272, 2006-Ohio-641, ¶ 19; Statev. Sturbois (Sept. 27, 1999), Athens App. No. 99CA16. Because Williamitis' petition attempted to raise new legal issues based on the facts that were known at trial, he has failed to demonstrate that he was unavoidably prevented from the discovery of the facts upon which he must rely to present the claim for relief. R.C. 2953.23(A)(1). Consequently, Williamitis did not meet the requirements to bring an untimely petition for post-conviction relief, and the trial court lacked jurisdiction to consider Williamitis' petition.
 {¶ 19} Williamitis suggests that his situation is exceptional because his appellate counsel was also his trial counsel. A petition for post-conviction relief is not the proper course of action to remedy shortcomings in his appellate representation. To the extent that Williamitis believes that his appellate counsel rendered ineffective assistance, other avenues are available. See App.R. 26(B).
 {¶ 20} Because our analysis of the applicability of R.C.2953.23(A) to Williamitis' petition is dispositive, we need not address whether the trial court properly determined that certain claims were barred by res judicata nor whether Williamitis' counsel was ineffective for failing to raise the alleged non-existence of the offense of which he was convicted.
 {¶ 21} The first assignment of error is overruled.
 {¶ 22} The second and third assignments of error are overruled as moot.
 {¶ 23} The judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.