DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Collins appeals the Athens County Common Pleas Court's judgment denying his petitions for post-conviction relief filed from a sentence imposed in this case in 1994. Collins contends his sentence to non-minimum and consecutive prison terms is unconstitutional underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because Collins' petitions for post-conviction relief were untimely and he has not demonstrated that the petitions fall within an exception in R.C.2953.23(A) governing late petitions, the trial court did not err in denying his petitions. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Following a bench trial in 1994, the court found Collins guilty of sexual battery, gross sexual imposition, and rape. The trial court sentenced Collins to serve an *Page 2 
indefinite term of eight to 25 years imprisonment for the rape conviction and, after merging the sexual battery and gross sexual imposition offenses for purposes of sentencing, sentenced him to serve a consecutive one-year definite term for the remaining offenses.
 {¶ 3} Collins did not file a direct appeal of his convictions or sentence. However, in September 2006, he filed pro se petitions for post-conviction relief under R.C. 2953.23 seeking to vacate his sentence. Specifically, he argued that he was entitled to re-sentencing because the facts the trial court used to impose non-minimum and consecutive sentences were neither admitted by defendant nor found by a jury in contravention of his Sixth Amendment rights.
 {¶ 4} The trial court entered judgment denying Collins' petitions for post-conviction relief as untimely and without merit. Specifically, the court observed that Foster dealt with the constitutionality of portions of the felony sentencing framework enacted in Senate Bill 2, which became effective July 1, 1996. Because S.B. 2 did not apply in 1994 when Collins was sentenced, the trial court concluded that Foster's holdings concerning the sentencing statutes enacted as part of S.B. 2 are inapplicable in this case.
 {¶ 5} In a pro se appeal of the denial of his petitions, Collins presents the following assignments of error:
 ASSIGNMENT OF ERROR NO. 1:
 Minimum sentences are required for first time offenders when the mitigating facts were [NOT] found by a jury, or admitted by the defendant.
 ASSIGNMENT OF ERROR NO. 2:
 Concurrent sentences are required when the mitigating facts were [NOT] found by a jury, or admitted by the defendant. *Page 3 
 II. {¶ 6} Because Collins' assignments of error are interrelated, we will discuss them together.
 {¶ 7} Appellate courts use a de novo standard of review when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v. Cottrill, Pickaway App. No. 06CA20, 2006-Ohio-6943, at ¶ 11; State v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353, appeal not allowed, 108 Ohio St.3d 1439,2006-Ohio-421. Thus, we will independently review the record, without deference to the trial court's decision.
 {¶ 8} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" See, also,State v. Grover (1995), 71 Ohio St.3d 577; State v. Powell (1993), 90 Ohio App.3d 260.
 {¶ 9} Generally if there was no direct appeal, a defendant must file a petition for post-conviction relief no later than 180 days after the expiration of the time for filing an appeal. See R.C. 2953.21(A)(2).
 {¶ 10} R.C. 2953.23(A)(1) provides that a court may not entertain a delayed petition for post-conviction relief unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his *Page 4 
claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 11} Unless the defendant makes the showings required by R.C.2953.23(A), the trial court lacks jurisdiction to consider an untimely petition for post-conviction relief. Gibson, supra, at ¶ 10; State v.Carter, Clark App. No. 03CA-11, 2003-Ohio-4838; State v. McGee, Loraine App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed,98 Ohio St.3d 1409, 2003-Ohio-60; State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922.
 {¶ 12} Collins' petition for post-conviction was clearly untimely, having been filed 12 years after the time expired for filing a direct appeal in this case. Because the petition was untimely, Collins had to satisfy the criteria set forth in R.C. 2953.23(A) before the trial court could consider the merits of the petition.
 {¶ 13} In Foster, the Ohio Supreme Court found that portions of the comprehensive sentencing structure enacted in Senate Bill 2 ["S.B. 2"], effective July 1, 1996, are unconstitutional. The Court held to the extent that they required judicial factfinding before imposition of a consecutive sentence or a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, R.C.2929.14(B), 2929.14(E)(4), and 2929.19(B)(2) as enacted in S.B. 2, violated the Sixth Amendment protection outlined in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, andApprendi v New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Foster, at paragraphs one through four. Appellant's conviction and sentencing occurred in 1994 under a different statutory scheme than was *Page 5 
in effect when the Supreme Court decided Foster. Accordingly,Foster is inapplicable to appellant's sentencing claim.
 {¶ 14} Additionally, in United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, the United States Supreme Court restricted its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court limited application of its holdings to cases on direct review or not yet final. Id. at ¶ 106. An appeal from a denial of a petition for post-conviction relief is not a direct appeal from the conviction. It is an appeal from a collateral civil proceeding. State v. Gopp, Wayne App. No. 06CA0034,2006-Ohio-5477, at ¶ 10. Accordingly, Blakely, Apprendi, andFoster are inapplicable. State v. Pryor, Fairfield App. No. 06CA28,2006-Ohio-6724, at ¶ 13; State v. Williams, Franklin App. No. 05AP-339, 2006-0hio-2197, at ¶ 28. And, because Collins' petition is not based on a new federal or state right that applies retroactively to him, he has not satisfied the criteria set forth in R.C. 2953.23(A)(1)(a) governing untimely post-conviction relief petitions. So even if Foster did apply, the petition was still untimely.
 {¶ 15} Because Collins' petition for post-conviction relief was premised on Foster, which the trial court correctly concluded was inapplicable in this case, the trial court did not err in denying the petition without a hearing.
 {¶ 16} Accordingly, we overrule appellant's assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. Kline, J.: Concur in Judgment and Opinion. *Page 1