[Cite as *State v. Brown*, 2022-Ohio-519.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :       Case No.  20CA3917

v.                                :

JAMES E. BROWN,                   :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.      :

_____

APPEARANCES:

James E. Brown, Chillicothe, Ohio, *pro se* appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay
Willis, Scioto County Assistant Prosecuting Attorney, for
appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:2-18-22
ABELE, J.

    **{¶1}**  This is an appeal from a Scioto County Common Pleas

Court judgment that overruled a petition for postconviction

relief filed by James E. Brown, defendant below and appellant

herein.  Appellant assigns the following error for review:

> "THE COURT OF COMMON PLEAS ERRED IN
> OVERRULING THE PETITION TO VACATE OR SET
> ASIDE JUDGMENT OF CONVICTION OR SENTENCE
> PURSUANT TO OHIO CRIM.R. 35 AND 2953.23 OF
> THE REVISED CODE, BASED ON NEWLY DISCOVERED
> EVIDENCE.  ADDITIONALLY, THIS ERROR IS A

> VIOLATION OF APPELLANT'S FUNDAMENTAL RIGHTS
> GUARANTEED BY THE FOURTEENTH AMENDMENT TO
> THE UNITED STATES CONSTITUTION AND ARTICLE
> I, SECTION 10 OF THE OHIO CONSTITUTION."

**{¶2}** In 2013, a jury found appellant guilty of multiple drug-related offenses. The trial court sentenced appellant to terms of imprisonment that resulted in an aggregate prison sentence of 16 years. Appellant appealed the trial court's judgment, and we affirmed. *State v. Brown*, 2016-Ohio-1453, 63 N.E.3d 509 (4th Dist.). The Ohio Supreme Court did not accept appellant's request for further review. *State v. Brown*, 146 Ohio St.3d 1515, 2016-Ohio-7199, 60 N.E.3d 7.

**{¶3}** While his direct appeal was pending, appellant filed a *pro se* R.C. 2953.21 petition to vacate or set aside judgment of conviction or sentence and requested an evidentiary hearing. Several years later, the trial court overruled appellant's petition because appellant did not file his postconviction petition within the appropriate time frame. Appellant appealed the trial court's judgment, and we affirmed. *State v. Brown*, 4th Dist. Scioto No. 18CA3829, 2018-Ohio-4991. The Ohio Supreme Court did not accept appellant's request for further review. *State v. Brown*, 156 Ohio St.3d 1406, 2019-Ohio-2261, 123 N.E.3d 1039.

**{¶4}** On March 26, 2020, appellant filed a second petition to vacate or set aside judgment of conviction or sentence and asserted that he is entitled to postconviction relief due to the discovery of new evidence. Appellant alleged that since the date of his trial, new evidence had been discovered concerning the trial judge's competence to preside over appellant's trial and that appellant could not discover the facts at an earlier point in time.

**{¶5}** Later, the trial court summarily overruled appellant's petition to vacate or set aside his judgment of conviction. This appeal followed.

**{¶6}** In his sole assignment of error, appellant asserts that the trial court erred by overruling his postconviction relief petition. "[A] postconviction proceeding is not an appeal of a criminal conviction but rather, is a collateral, civil attack on a criminal judgment." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *accord State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 11. A postconviction proceeding is designed, in part, to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United

States." R.C. 2953.21(A)(1)(a)(i). A petitioner who seeks postconviction relief under R.C. 2953.21(A)(1)(a)(i), therefore, "must demonstrate errors of a constitutional magnitude and resulting prejudice before being entitled to relief under the statute." *In re B.C.S.*, 4th Dist. Washington 07CA60, 2008-Ohio-5771, ¶ 10; *accord State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 16 (postconviction proceeding asserts judgment void due to petitioner's claimed "actual innocence or deprivation of constitutional rights").

{¶7} The right to file a postconviction petition is not a constitutional right. *Broom* at ¶ 28. Rather, it is a statutory right. *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, ¶ 16. "A postconviction petitioner therefore 'receives no more rights than those granted by the statute.'" *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶8} R.C. Chapter 2953 defines the postconviction rights granted to postconviction petitioners. R.C. 2953.21(A)(2)(a) requires an individual to file a postconviction petition within (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction; or (2) 365 days after the expiration of

the time for filing the notice of appeal, if no direct appeal is taken.  When a defendant files an untimely petition, or files a second petition or successive petitions, R.C. 2953.23(A) prevents trial courts from entertaining the petition unless both of the following apply: (1) the petitioner shows either that the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty."  R.C. 2953.23(A)(1)(a) and (b).[1]

{¶9} "A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief."  *State v. Cunningham*, 65 N.E.3d 307, 2016-Ohio-3106, ¶ 19 (3d Dist.),

---

[1] Another exception, not applicable here, allows a court to entertain an untimely, second, or successive petition if DNA testing results "establish, by clear and convincing evidence" the petitioner's "actual innocence."  R.C. 2953.23(A)(2).

citing *State v. Holnapy*, 11th Dist. Lake No.2013–L–002, 2013-Ohio-4307, ¶ 32, and *State v. Roark*, 10th Dist. Franklin No. 15AP-142, 2015-Ohio-3206, ¶ 11.  Moreover, "[t]he 'facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction."  *State v. Williamitis*, 2d Dist. Montgomery No. 21321, 2006-Ohio-2904, ¶ 18.

{¶10} A trial court lacks jurisdiction to consider an untimely, second, or successive petition if the petitioner fails to satisfy the R.C. 2953.23(A)(1)(a) and (b) conditions.  *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 19; *Apanovitch* at ¶ 36; *State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 13-16.  Whether a trial court possesses jurisdiction to entertain an untimely, second, or successive postconviction petition is a question of law that appellate courts review independently and without deference to the trial court.  *Apanovitch* at ¶ 24.

{¶11} We have previously held that a postconviction petitioner's discovery of the former Scioto County Common Pleas Court judge's alleged misconduct does not constitute newly-discovered evidence within the meaning of R.C. 2953.23.  *State v. Williams*, 4th Dist. Scioto No. 19CA3895, 2020-Ohio-7035.  In *Williams*, the petitioner, like appellant in the present case,

had been convicted in 2013, and Judge Marshall had been the presiding judge. The petitioner filed his postconviction petition more than five years later and asserted that he was unavoidably prevented from discovering the facts upon which he based his petition. In support, the petitioner referred to a 2019 news article that stated that Judge William Marshall had been arrested for driving under the influence sometime in 2013. We concluded that the petitioner failed to demonstrate that he was unavoidably prevented from discovering the Judge's alleged problem sooner than the deadline for filing a postconviction relief petition. We further noted that "'[n]ewspaper articles are generally inadmissible as evidence of the facts stated in them.'" *Id.* at ¶ 13, quoting *In re Waste Techs. Indus.*, 132 Ohio App. 3d 145, 155, 724 N.E.2d 819 (10th Dist.), citing *State v. Self*, 112 Ohio App.3d 688, 694-695, 679 N.E.2d 1173 (12th Dist.).

**{¶12}** Likewise, appellant in the case before us attached a 2019 news article that reported on Judge Marshall's alleged alcoholism and other misconduct. However, even if we were to consider the facts contained in the news article, that news article states that in 2013 Judge Marshall was hospitalized for alcoholism. Appellant has not established why he was unavoidably prevented from discovering at an earlier point in

time that Judge Marshall apparently had an alcohol problem during the year of appellant's conviction.  Attaching a 2019 news article reporting on the earlier events does not establish that appellant was unavoidably prevented from discovering the existence of Judge Marshall's alleged alcoholism so as to allow the trial court to consider appellant's second postconviction relief petition.

{¶13} Moreover, even if Judge Marshall's conduct did create an issue of constitutional magnitude, appellant did not argue in his petition that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty.

{¶14} Consequently, because appellant has not established that any exception applies, the trial court could not entertain his second postconviction petition and lacked jurisdiction to consider the petition.  However, the trial court "technically erred" by summarily overruling appellant's petition rather than dismissing it for lack of jurisdiction.  *State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 16.  Under App.R. 12(A)(1)(a), we therefore modify the trial court's judgment to reflect the dismissal of appellant's postconviction petition.  *See State v. Daboni*, 4th Dist. Meigs No. 20CA10, 2021-Ohio-3368, ¶ 22; *State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 19.

SCIOTO, 20CA3917

{¶15} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment as modified.

JUDGMENT AFFIRMED AS MODIFIED.

SCIOTO, 20CA3917

JUDGMENT ENTRY

It is ordered that the judgment be affirmed as modified. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.