[Cite as *State v. McDaniel*, 2023-Ohio-3051.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                      :

    Plaintiff-Appellee,            : CASE NO. 22CA9

    v.                             :

NATHAN MCDANIEL,                    : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Christopher Bazeley, Cincinnati, Ohio, for appellant[1].

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-24-23
PER CURIAM.

{¶1} This is an appeal from a Meigs County Common Pleas Court judgment that overruled a petition for postconviction relief filed by Nathan McDaniel, defendant below and appellant herein. Appellant assigns two errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MCDANIEL'S POST CONVICTION RELIEF PETITION WITHOUT A HEARING."

---

[1] Different counsel represented appellant during the trial court proceedings.

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DENIED
MCDANIEL'S PETITION WITHOUT FILING A FINDINGS
OF FACT AND CONCLUSIONS OF LAW AS REQUIRED BY
R.C. 2953.21(D)."

**{¶2}** In 2012, a jury found appellant guilty of (1) felonious assault, in violation of R.C. 2903.11(A)(2), and (2) kidnapping, in violation of R.C. 2905.01(A)(4). The trial court sentenced appellant to serve an aggregate 18-year prison sentence and pay restitution. Appellant appealed the judgment of conviction and sentence and this court reversed the restitution award. *State v. McDaniel,* 4th Dist. Meigs No. 12CA6, 2013-Ohio-4003 at ¶ 23.

**{¶3}** On August 26, 2020, appellant filed a motion for "dismissal" "due to alleged perjury committed by witnesses, fraud committed by the prosecuting attorney for permitting perjury," and the trial court "prejudicially admitted the perjured testimony." The court denied the motion. On September 29, 2020, appellant again moved the court to dismiss for the same reasons raised in his August 26, 2020 motion.

**{¶4}** On February 11, 2021, appellant filed a pro se R.C. 2953.21 postconviction relief petition. On October 7, 2021, the trial court denied the petition:

The Defendant, Nathan McDaniel, has filed a number of post-trial Motions in this case. The most recent Motion was a Petition to Vacate or Set Aside Judgment and to Appoint

> Counsel.
> The court has appointed counsel. The most recently
> appointed attorney * * * has reviewed the record and finds
> that there is no basis for the Defendant's request.
> Likewise, this Court has reviewed the record and the
> Defendant's arguments.
> The Court finds no basis for the remedies sought by the
> Defendant.
> Therefore, the Defendant's Petition to Vacate or Set Aside
> Judgment is hereby DENIED.

{¶5} On November 1, 2021, appellant filed a pro se "Motion to Vacate Void Sentence." On August 23, 2022, appellant filed another pro se "Motion for Leave to File Petition to Vacate or Set Aside Judgment of Conviction Pursuant to R.C. 2953.23" and "Motion for Post Conviction Relief Pursuant to R.C. 2953.21." On August 26, 2022, the trial court again denied appellant's motions:

> On March 17, 2021, the Court appointed * * * to review the
> Defendant's Post Conviction requests. Defense counsel
> found no basis for Post-Conviction Relief. Since the
> Defense Attorney's notice of withdraw, the Defendant and
> his family have continued to file Motions, letters and
> emails.
>
> The Court has reviewed all documents filed by the Defendant
> in the above-mentioned case and finds that no basis for
> the remedies sought by the Defendant. Therefore, all
> Motions are hereby DENIED.

This appeal followed.[2]

---

[2] After filing his September 1, 2022 notice of appeal, appellant filed a pro se "Motion to Amend and or Include to Post-Conviction Petition." On October 26, 2022, the trial court denied all pending postconviction motions, including the September 1, 2022

MEIGS, 22CA9

I

**{¶6}** In his first assignment of error, appellant asserts that the trial court abused its discretion when it denied his August 23, 2022 postconviction relief petition without conducting a hearing.

**{¶7}** Appellant contends that a decision to deny a postconviction petition without a hearing should be reviewed under the abuse of discretion standard, citing *State v. Taylor,* 10th Dist. Franklin No. 14AP-166, 2014-Ohio-3574, ¶ 6.[3] In general, an "abuse of discretion" implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *Jayjohn, id.; State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). In reviewing for an abuse of discretion, an appellate court must not substitute its

---

motion. These motions are not the subject of this appeal.

[3]Appellee, however, argues that appellate courts should use a de novo standard of review, citing *State v. McDougald,* 4th Dist. Scioto No. 09CA3278, 2009-Ohio-4417 (*McDougald I*), and *State v. Collins,* 4th Dist. Athens No. 06CA40, 2007-Ohio-3558 at ¶ 7. Although *McDougald I* used a de novo standard of review, *McDougald I* also acknowledged *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, which adopted a "mixed" standard of review. Further, *McDougald II*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, used the abuse of discretion standard. In more recent cases, this court continues to use the abuse of discretion standard of review. *See State v. Carver*, 2022-Ohio-2653, 194 N.E.3d 393 (4th Dist.), ¶ 11-12, *State v. Jayjohn,* 4th Dist. Vinton No. 20CA722, 2021-Ohio-2286, ¶ 9, *State v. Osborn*, 4th Dist. Adams No. 18CA1064, 2018-Ohio-3866, ¶ 9; *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

MEIGS, 22CA9

judgment for the trial court's judgment. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995).

{¶8} R.C. 2953.21 governs a petition for postconviction relief. Any person convicted of a criminal offense who claims a denial or infringement of rights to such a degree as to render a judgment void or voidable may file a petition for postconviction relief. R.C. 2953.21(A)(1)(a)(I). "[A] postconviction proceeding is not an appeal of a criminal conviction but rather, is a collateral, civil attack on a criminal judgment." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *accord State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 11, *State v. Brown*, 4th Dist. Scioto No. 20CA3917, 2022-Ohio-519, ¶ 6.

{¶9} Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *State v. Smith,* 4th Dist. Highland No. 19CA16, 2020-Ohio-116; *Carver*, *supra,* 2022-Ohio-2653, 194 N.E.3d 393, ¶ 11; *Brown, supra,* at ¶ 7. Postconviction relief is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the

MEIGS, 22CA9

claims is not contained in the record. *Carver* at ¶ 11. This means that "any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35.

**{¶10}** R.C. 2953.21(A)(2) provides that a petitioner must file a postconviction relief petition no later than 365 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction. In the case sub judice, it appears that appellant filed his petition nine years after the filing of the transcript in his direct appeal. Thus, the lapse of time should bar consideration of appellant's latest postconviction relief petition. *See State v. Rinehart,* 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 13 (petition filed 10 years after expiration of 365-day period untimely); *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 1 (petition filed seven years after expiration of time for filing an appeal untimely); *State v. Mitchell*, 2021-Ohio-4386, 181 N.E.3d 550, ¶ 20 (4th Dist.) (petition filed four years after expiration of 365-day period untimely). Although the trial court did not address timeliness, we believe appellant's motion is untimely. Moreover, when a defendant files an untimely petition or a successive

MEIGS, 22CA9

petition R.C. 2953.23(A) prevents trial courts from considering the petition unless both of the following apply: (1) petitioner shows he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1)(a) and (b).[4]

{¶11} "A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief." *State v. Cunningham*, 65 N.E.3d 307, 2016-Ohio-3106, ¶ 19 (3d Dist.), citing *State v. Holnapy,* 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 32, and *State v. Ruark*, 10th Dist. Franklin No. 15AP-142, 2015-Ohio-3206, ¶

---

[4] Another exception, inapplicable here, allows a court to entertain an untimely, second, or successive petition if DNA testing results "establish, by clear and convincing evidence" the petitioner's "actual innocence."  R.C. 2953.23(A)(2).

11; *see also Brown,* 4th Dist. Scioto No. 20CA3917, 2022-Ohio-519, at ¶ 9.  Moreover, "[t]he 'facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction."  *State v. Williamitis,* 2d Dist. Montgomery No. 21321, 2006-Ohio-2904, at ¶ 18.

**{¶12}** A trial court lacks jurisdiction to consider an untimely or a successive petition if the petitioner fails to satisfy R.C. 2953.23(A)(1)(a) and (b).  *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 19.  Furthermore, whether a court possesses jurisdiction to entertain an untimely or a successive petition is a question of law that appellate courts review independently and without deference to the trial court. *Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 24; *Brown* at ¶ 10.

**{¶13}** In the case sub judice, it does not appear that appellant demonstrated he has been unavoidably prevented from the discovery of facts upon which he relied to present the claim, or that, after the time period in R.C. 2953.21(A)(2) expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to people in petitioner's situation.  Appellant's August 23, 2022 pro se postconviction relief petition argued that (1) the state presented false evidence and testimony that

MEIGS, 22CA9

exaggerated the victim's injuries, and (2) the trial court lacked subject matter jurisdiction to convict appellant of kidnapping due to a defect in the indictment.

{¶14} Appellant contends that the indictment is invalid because it listed the statute for kidnapping as R.C. 2911.21, rather than R.C. 2905.11. Although appellant states that appellee filed a motion on March 19, 2012 to amend the indictment to change the statutory citation, the record does not contain an entry that disposed of the motion. Further, appellant points out that the judgment entry that memorialized the jury's finding of guilt incorrectly cites R.C. 2911.12, rather than R.C. 2905.11. Appellant therefore contends that he has raised a substantive ground for relief that warrants a hearing.

{¶15} We recognize that the state's motion to amend asked the court to amend count two, "correctly titled Kidnapping and contains the proper language, incorrectly lists the Ohio Revised Code Section as 2911.21(A)(1) and should be amended to Ohio Revised Code Section 2905.01(A)(1)." The trial court's March 27, 2012 summary of trial proceedings notes that, on the first day of the jury trial, the state made a motion at 10:07:08 A.M., "to amend indictment count two" and reflects at 10:08:10 A.M., "so amended." While no corresponding entry appears in the record, appellant did

not explain why he did not raise the defect in the indictment in his direct appeal. Moreover, appellant did not explain how this scriveners error prejudiced him. Furthermore, the only "new" evidence appellant cites in his postconviction relief petition consists of allegations that concern phone records that, he concedes, trial counsel possessed before trial. Appellant does not explain how he or counsel could not have obtained this evidence at the time he filed his direct appeal. Consequently, appellant did not establish that the trial court could properly address the merits of his untimely and successive postconviction relief petition.

{¶16} Moreover, even if it could be argued that appellant's postconviction petition is timely or is not successive, we also believe that the doctrine of res judicata barred consideration of his arguments. Res judicata bars appellant from raising claims that he could have raised in his direct appeal. "'[R]es judicata applies to proceedings involving postconviction relief.'" *State v. Shaffer*, 4th Dist. Lawrence No. 14CA15, 2014-Ohio-4976, ¶ 16, quoting *State v. Burton*, 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996); *Mitchell,* 2021-Ohio-4386, 181 N.E.3d 550, at ¶ 28. Under the doctrine of res judicata, "a final judgment of

conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also Mitchell*, *id.* As noted above, appellant filed a direct appeal. In that appeal, this court affirmed, in part, and reversed, in part, and remanded the case for further proceedings related to the restitution order. *See McDaniel*, 4th Dist. Meigs No. 12CA6, 2013-Ohio-4003. On direct appeal, appellant could have raised issues concerning the clerical error, the victim's injuries and the phone records.

**{¶17}** Therefore, we believe that res judicata bars appellant from raising these issues in his postconviction relief petition. Accordingly, we overrule appellant's first assignment of error.

II

**{¶18}** In his second assignment of error, appellant asserts that the trial court erred when it denied McDaniel's petition without filing findings of fact and conclusions of law. Appellant contends that because R.C. 2953.21(D) requires a trial court to make

findings of fact and conclusions of law if it denies a postconviction relief petition, and because the court did not consider the petition's timeliness but instead considered the petition on its merits, it must comply with R.C. 2953.21(D) and issue findings of fact and conclusion of law.

{¶19} In *McDougald, supra*, 4th Dist. Scioto No. 09CA3278, 2009-Ohio-4417, this court wrote "[g]enerally, when a trial court denies a motion for post-conviction relief without conducting an evidentiary hearing, it must file findings of fact and conclusions of law. Failure to do so results in the lack of a final appealable order. Here, the court's judgment does not satisfy that requirement. However, findings of fact and conclusions of law are unnecessary when dismissing untimely or successive petitions. *State ex rel. Bunting v. Haas*, 102 Ohio St.3d 161, 807 N.E.2d 359, 2004-Ohio-2055, at ¶ 11." *McDougald* at fn. 3. *McDougald* further noted that, although we could not decipher the grounds on which the trial court based its "overruling" of the petition, because the petition was untimely no need existed for findings of fact and conclusions of law. *Id.*

{¶20} In the case sub judice, the trial court denied appellant's petition and noted that "no basis for the remedies sought by the Defendant." Here, because appellant's petition is

untimely and successive, findings of fact and conclusions of law are not required.  Furthermore, appellant raises no issues that he could not have raised during his direct appeal.

{¶21} Recently, we reminded trial courts that when an appellant did not establish that any exception applies, a court cannot entertain a second postconviction petition and lacks jurisdiction to consider the petition.  *Brown,* 4th Dist. Scioto No. 20CA3917, 2022-Ohio-519, ¶ 14.  As in *Brown,* in the case at bar the trial court "technically erred" by summarily overruling appellant's petition rather than issuing a dismissal for lack of jurisdiction. *Id.*, citing *State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 16.  Thus, under App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of appellant's postconviction petition.  *Id., see also State v. Daboni*, 4th Dist. Meigs No. 20CA10, 2021-Ohio-3368, ¶ 22; *McManaway*, *supra,* at ¶ 19.

{¶22} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment as modified.

JUDGMENT AFFIRMED AS MODIFIED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed as modified. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J., Abele, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court


BY:_____
    Jason P. Smith, Presiding Judge



BY:_____
    Peter B. Abele, Judge



BY:_____
    Kristy S. Wilkin, Judge




NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.