[Cite as *State v. Simon*, 2024-Ohio-925.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 23CA3 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| SHAWN C. SIMON, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **RELEASED 3/08/2024** |

_____
APPEARANCES:

Shawn C. Simon, St. Clairsville, Ohio, Appellant Pro Se.

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Shawn C. Simon appeals the January 24, 2023 Journal Entry of the Gallia County Common Pleas Court. On appeal, Simon challenges the trial court's decision overruling two motions:

1. Motion for Leave to File Untimely Post-Convictions, Pursuant to R.C. 2953.53, Requesting to Vacate or Set Aside Judgment of Conviction or Sentence filed August 26, 2022; and,

2. Motion to Amend Untimely Post-Conviction to Add a New Claim, Requesting to Vacate or Set Aside Judgment of Conviction or Sentence.[1]

_____
[1] Hereinafter for brevity, we will reference these pleadings as "Motion for Leave" and "Motion to Amend."

Simon raises six assignments of error relating to his claim that he was denied his Fourteenth Amendment right to due process of law when he was denied certain *Brady* material and when his Motion for Leave was denied without a hearing.  In the seventh assignment of error, Simon asserts that the trial court abused its discretion when it refused to recognize and apply to his case the retroactive holding set forth in *State v. Turner,* 163 Ohio St.3d 421, 2020-Ohio-6773, 170 N.Ed.3 842.

{¶2}  However, our review has found that Simon's postconviction pleadings are untimely, and that he has failed to provide clear and convincing evidence that he was unavoidably prevented from discovery of evidence which he claims is relevant to the propriety of the traffic stop which led to his arrest on two felony drug charges and ultimately, two convictions.  Furthermore, our review has found that the *Turner* holding is not applicable to the facts in Simon's case.  Thus, we conclude that the trial court lacked jurisdiction to entertain the constitutional claim of deprivation of due process set forth in Simon's untimely postconviction petition. Therefore, we modify the judgment appealed to reflect the dismissal of Simon's constitutional claim of a *Brady* violation.  As to Simon's seventh assignment of error regarding *Turner*, this claim should have been raised in

his direct appeal and is now barred by res judicata. The judgment of the trial court is affirmed as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶3} At the conclusion of a jury trial in August of 2020, Shawn C. Simon was convicted of Count One, Possession of Cocaine, R.C. 2925.11(A)/(C)(4)(e), and Count Two, Trafficking in Cocaine, R.C. 2925.03(A)(2)/(C)(4)(f). The underlying facts and circumstances leading to Mr. Simon's arrest and convictions stem from a traffic stop conducted by Trooper Drew Keuhne of the Ohio State Highway Patrol on September 19, 2019 in Gallia County. The factual background is set forth fully in our decision in Simon's direct appeal, *State v. Simon*, 2021-Ohio-3090, 176 N.E.3d 1208, at Paragraphs 1-22, "*Simon I.*"

{¶4} At Simon's sentencing, the trial court merged the two felony counts and sentenced Simon to a maximum indefinite prison sentence of 11 to 16 ½ years. *Id.* at ¶ 23. Simon timely appealed. In *Simon I,* Simon raised two assignments of error, first asserting that his waiver of trial counsel was not knowingly and intelligently made and thus, the trial court erred by accepting his waiver. Under the second assignment of error, Simon argued that the trial court should have, sua sponte, ordered a competency evaluation.

{¶5} We found no merit to Simon's assignments of error and affirmed his convictions in our decision entered September 3, 2021. On August 26, 2022, Simon filed a "Motion for Leave to File Untimely Post-Convictions, Pursuant to R.C. 2953.23, Requesting to Vacate or Set Aside Judgment of Conviction or Sentence." On October 17, 2022, Simon subsequently filed a "Motion to Amend Untimely Post-Conviction to Add a New Claim, Requesting to Vacate or Set Aside Judgment of Conviction or Sentence."

{¶6} As indicated, the trial court overruled both motions. This timely appeal followed.

ASSIGNMENTS OF ERROR

I. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS RIGHT TO A FAIR POST-CONVICTION REVIEW HEARING WHEN IT FAILED TO DETERMINE WHETHER APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF THE FACTS UPON WHICH APPELLANT RELIED UPON TO PRESENT HIS CLAIM.

II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE UNTIMELY POST CONVICTION PETITION WHERE APPELLANT SHOWED THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE FACTS UPON WHICH HIS CLAIM RELIES, AND MADE A CLEAR AND CONVINCING SHOWING THAT BUT FOR THE CONSTITUTIONAL VIOLATIONS WHICH OCCURRED DURING THE CRIMINAL

PROCEEDINGS, NO REASONABLE FACT FINDER WOULD HAVE FOUND APPELLANT GUILTY OF THE CRIMES FOR WHICH HE WAS CONVICTED.

III.   APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE RELATED TO THE TERRY STOP DUE ABUSE OF DISCRETION OF THE TRIAL COURT WHERE THE TRIAL JUDGE FAILED TO ORDER THE PROSECUTOR AND APPOINT TRIAL COURT TO PROVIDE APPELLANT WITH DISCOVERY AFTER THE COURT GRANTED APPELLANT'S REQUEST TO REPRESENT HIMSELF PRO SE, THEREBY DENYING DUE PROCESS OF LAW AS GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

IV.   APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE RELATING TO THE TERRY STOP DUE TO BRADY VIOLATION REGARDING PROSECUTOR MISCONDUCT WHERE THE PROSECUTOR INTENTIONALLY WITHHELD AND/OR SUPPRESSED THE EVIDENCE THAT TROOPER KUEHNE DID NOT ISSUE A TRAFFIC CITATION FOR THE ALLEGED TRAFFIC VIOLATION USED AS CAUSE FOR A TERRY STOP BY FAILING TO PROVIDE APPELLANT WITH DISCOVERY AFTER THE TRIAL COURT GRANTED APPELLANT'S REQUEST TO REPRESENT HIMSELF PRO SE AT THE SUPPRESSION HEARING, ALL OF WHICH DEPRIVED APPELLANT OF HIS DUE PROCESS RIGHT TO A FAIR HEARING AND TRIAL AS GUARANTEED BY THE

CONSTITUTION OF THE STATE AND THE UNITED STATES.

V.  APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE RELATING TO THE TERRY STOP REGARDING TROOPER KUEHNE FAILURE TO ISSUE A TRAFFIC CITATION WAS DUE TO APPOINTED TRIAL COUNSEL FAILURE TO PROVIDE APPELLANT WITH DISCOVERY GIVEN TO HIM BY THE PROSECUTOR, AFTER THE TRIAL COURT GRANTED APPELLANT'S REQUEST TO REPRESENT HIMSELF PRO SE AT THE SUPPRESSION HEARING AND TRIAL.

VI.  APPELLANT SHOWED BY CLEAR AND CONVINCING EVIDENCE THAT, BUT FOR CONSTITUTIONAL ERROR AT THE SUPPRESSION HEARING, NO REASONABLE FACTFINDER WOULD DENIED THE MOTION TO SUPPRESS EVIDENCE.

VII.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO RECOGNIZE THE RETROACTIVE HOLDING SET FORTH IN STATE V. TURNER, 163 Ohio St.3d 421, 2020-Ohio-6773,170 N.E.3d 842. (12-22-20)

A.  STANDARD OF REVIEW

{¶7} In *State v. McDaniel,* 4th Dist. Meigs No. 22CA9, 2023-Ohio-3051, at fn 3, this court recently observed that we continue to use the abuse of discretion standard of review when we review petitions for postconviction

relief.  *See State v. Carver*, 2022-Ohio-2653, 194 N.E.3d 393 (4th Dist.), ¶¶

11-12; *State v. Jayjohn*, 4th Dist. Vinton No. 20CA722, 2021-Ohio-2286, ¶

9; *State v. Osborn,* 4th Dist. Adams No. 18CA1064, 2018-Ohio-3866, ¶ 9;

*see also State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d

77, ¶ 58.  In general, an "abuse of discretion" implies that a court's attitude is

unreasonable, arbitrary, or unconscionable.  *McDaniel, supra,* at ¶ 7.

*Jayjohn, id.; State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940

(2002); *State v. Adams,* 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).  In

reviewing for an abuse of discretion, an appellate court must not substitute

its judgment for the trial court's judgment.  *State ex rel. Duncan v. Chippewa*

*Twp. Trustees,* 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995).

### B.  LEGAL ANALYSIS

{¶8}  R.C. 2953.21 governs a petition for postconviction relief.

*McDaniel, supra,* at ¶8.  Any person convicted of a criminal offense who

claims a denial or infringement of rights to such a degree as to render a

judgment void or voidable may file a petition for postconviction relief.  *Id.*;

R.C. 2953.21(A)(1)(a)(I).  " '[A] postconviction proceeding is not an appeal

of a criminal conviction but rather, is a collateral, civil attack on a criminal

judgment.' "  *McDaniel,* at ¶ 8, quoting *State v. Broom*, 146 Ohio St.3d 60,

2016-Ohio-1028, 51 N.E.3d 620, ¶ 28, citing *State v. Steffen*, 70 Ohio St.3d

399, 410, 639 N.E.2d 67 (1994); accord *State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 11; *State v. Brown,* 4th Dist. Scioto No. 20CA3917, 2022-Ohio-519, ¶ 6.

{¶9} Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *McDaniel, supra,* at ¶ 9; *State v. Smith,* 4th Dist. Highland No. 19CA16, 2020-Ohio-116; *Carver, supra*, 2022-Ohio-2653, 194 N.E.3d 393, ¶ 11; *Brown, supra,* at ¶ 7. Postconviction relief is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *Carver* at ¶ 11. This means that "any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35.

{¶10} R.C. 2953.21(A)(2)(1) provides that a petitioner must file a postconviction relief petition no later than 365 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction. *McDaniel, supra,* at ¶ 10. Herein, the trial court did not address timeliness in its decision on Simon's "Motion for Leave." However, Simon did file a direct appeal, and the trial transcript in *Simon I* was filed on December 11, 2020. Simon's "Motion for Leave" was filed on

August 26, 2022. It is obvious that Simon is over 365 days past the filing deadline for his postconviction motion. Therefore, the lapse of time should bar consideration of his untimely " Motion for Leave."

{¶11} However, Simon argues that he was unavoidably prevented from discovering the fact that he was **not** issued a traffic citation on or about September 19, 2019, the date he was stopped by Trooper Kuehne. When a defendant files an untimely petition or a successive petition R.C. 2953.23(A) prevents trial courts from considering the petition unless both of the following apply: (1) petitioner shows he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." *McDaniel,* at ¶10; R.C. 2953.23(A)(1)(a) and (b)(4). " 'A defendant is "unavoidably prevented" from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief.' " *McDaniel,* at ¶

11, quoting *State v. Cunningham*, 65 N.E.3d 307, 2016-Ohio-3106, ¶ 19 (3d Dist.), citing *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 32, and *State v. Ruark,* 10th Dist. Franklin No. 15AP-142, 2015-Ohio-3206, ¶ 11; *see also Brown, supra,* at ¶ 9.  Moreover, "[t]he 'facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction."  *State v. Williamitis,* 2d Dist. Montgomery No. 21321, 2006-Ohio-2904, at ¶ 18.

{¶12} A trial court lacks jurisdiction to consider an untimely or a successive petition if the petitioner fails to satisfy R.C. 2953.23(A)(1)(a) and (b).  *McDaniel,* at ¶12; *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 19.  Whether a court possesses jurisdiction to entertain an untimely or a successive petition is a question of law that appellate courts review independently and without deference to the trial court.  *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 24; *Brown* at ¶ 10.

{¶13}  Simon's claims in the underlying postconviction petition and on appeal center around his claim that he was allegedly not provided discovery (i.e., information that he was not issued any traffic citations as a result of the traffic stop conducted by Trooper Kuehne) prior to the trial court's granting of Simon's request to represent himself at the suppression

hearing.  Simon alleges that he did not become aware until August 1, 2022 that Trooper Kuehne did not issue traffic citations when he stopped Simon's vehicle on September 19, 2019.  Simon apparently views the fact that he was not given traffic citations as exculpatory material which would have benefitted him at the suppression hearing, the denial of which constitutes a *Brady* violation as discussed in *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194 (1963).

{¶14}  *Brady* governs situations in which the state withholds evidence that tends to exculpate a criminal defendant.  *State v. Burton*, 8th Dist. Cuyahoga No. 109658, 2021-Ohio-851, at ¶20.  "When the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant under the Fourteenth Amendment to a fair trial."  *State v. Johnston,* 39 Ohio St.3d 48, 60, 529 N.E.2d 898 (1988).  *Brady* violations may be found regardless of whether the defense requested the evidence and "irrespective of the good faith or bad faith of the prosecution."  *Brady, supra,* at 87, 83 S.Ct. 1194 (1963); *State v. Magwood,* 8th Dist. Cuyahoga No. 108155, 2019-Ohio-5238, ¶ 19.

{¶ 15} "In addition,[f]or *Brady* purposes, the United

States Supreme Court 'disavowed any difference between exculpatory and impeachment evidence * * *.' " *Burton, supra,* at ¶21, quoting, *Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555 (1995). " 'When the "reliability of a given witness may well be determinative of guilt or innocence," nondisclosure of evidence affecting credibility falls within this general rule.' " *Burton, supra,* quoting, *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763 (1972), quoting *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173 (1959).

{¶ 16} In *Brady*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*, at 87; *Burton,* at ¶33. "*Brady* is not implicated when the information 'is not wholly within the control of the prosecution.' " *Burton, supra,* quoting *Coe v. Bell,* 161 F.3d 320, 344 (6th Cir. 1998). " Further, the prosecution 'is not required under *Brady* to furnish a defendant evidence which, with any reasonable diligence, he can obtain for himself.' " *Burton, supra*, quoting *United States v. Glass,* 819 F.2d 1142, [1987 WL 37592, *2], 1987 U.S. App. LEXIS 7247, 6 (6th Cir. 1987), citing *United States v.*

*Davis*, 787 F.2d 1501, 1505 (11th Cir. 1986) (1986); *McFeeture,* 8th Dist. Cuyahoga No. 108434, 2020-Ohio-801, ¶ 13.

{¶17} In Simon's first assignment of error, he asserts that the trial court abused its discretion and denied his "due process right to a fair post-hearing conviction review hearing" when it failed to determine whether he was unavoidably prevented from discovering the fact that he was not issued traffic citations by Trooper Kuehne. We interpret this assignment of error as arguing that the trial court denied his "Motion for Leave" without a hearing. A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *See State v. Calhoun,* 86 Ohio St.3d 279, 282, 1999-Ohio-102, 714 N.E.2d 905, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must determine whether substantive grounds for relief exist. R.C. 2953.21(D). In making such a determination, the court shall consider the petition, supporting affidavits, documentary evidence, and all the files and records from the case. *See Calhoun* at 284, (noting that R.C. 2953.21 "clearly calls for discretion in determining whether to grant a hearing" on a petition for postconviction relief).

{¶18} "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice." *Calhoun* at 283. A court may dismiss a petition for postconviction relief without a hearing when the petitioner fails to submit evidentiary material "demonstrat[ing] that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id*. at paragraph two of the syllabus. *See also State v. Lewis,* 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 11; *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14.[2]

{¶19} In Simon's August 26, 2022 Motion for Leave, he argued he obtained a statement from the deputy clerk of the Gallipolis Municipal Court, dated July 28, 2022, attesting to the fact that no traffic tickets were issued to him on or about September 19, 2019. In his affidavit attached to

---

[2] Generally, our Court affords considerable leeway to pro se litigants. *See State v. Headlee,* 4th Dist. Washington No. 2009-Ohio-873, at ¶ 6; s*ee also Besser v. Griffey*, 88 Ohio App.3d 379, 382, 623 N.E.2d 1326, 1328 (4th Dist. 1993); *State ex rel. Karmasu v. Tate,* 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832 (4th Dist. 1992). "Limits do exist, however. Leniency does not mean that we are required 'to find substance where none exists, to advance an argument for a pro se litigant or to address issues not properly raised.' " *Headlee, supra,* quoting *State v. Nayar,* 4th Dist. Lawrence No. 07CA6, 2007-Ohio-6092, at ¶ 28.

his Motion for Leave, Simon averred that he did not receive this information until August 1, 2022. Simon argues that because Trooper Kuehne did not issue a traffic citation: (1) Trooper Kuehne lacked probable cause to conduct the traffic stop and to extend the stop to a search of his vehicle; and, (2) Trooper Kuehne "committed perjury under oath and provided false evidence" when he testified at the suppression hearing and at trial that Simon had committed traffic violations for improper lane change and failing to maintain an assured clear distance ahead. Simon reiterates these arguments in his second assignment of error. In his third, fourth, and fifth assignments of error, Simon specifically argues that he was unavoidably prevented from discovering that he was not given traffic citations because: (1) the trial court failed to order the prosecutor to provide him with discovery prior to the court's allowing him to represent himself at the suppression hearing; (2) prosecutorial misconduct occurred due to the failure to provide discovery prior to the suppression hearing; and, (3) his former trial counsel failed to provide him with discovery prior to the suppression hearing. As a result, Simon believes he has shown by clear and convincing evidence that, but for the constitutional error via an alleged *Brady* violation, no reasonable factfinder would have found him guilty of the two felony drug

offenses at trial. Simon believes that he has raised a substantive ground for relief warranting a hearing. We are not persuaded.

{¶20} In order for this court to find a *Brady* violation, Simon must establish that " '(1) the suppressed evidence is favorable to him, "either because it is exculpatory, or because it is impeaching"; (2) the evidence was suppressed by the state, "either willfully or inadvertently"; and (3) that "prejudice * * * ensued." ' " *State v. Lett,* 8th Dist. Cuyahoga No. 111350, 2023-Ohio-2580, at ¶ 21, quoting *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470 ¶ 19, quoting *Strickler v. Greene*, 527 U.S. 263, 281-282, 119 S.Ct. 1936 (1999). The defendant bears the burden of proving that a *Brady* violation rises to the level of a denial of due process. *State v. Allen,* 8th Dist. Cuyahoga No. 103492, 2016-Ohio-7045, 2016 WL 5630980, ¶ 11. " '[F]avorable evidence is material, and constitutional error results from its suppression by the government, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ' " *Lett, supra*, quoting *Bethel* at ¶ 19, citing *Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555 (1995), quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375(1985). Whether withheld evidence is material under *Brady* is a matter of law for which the de novo standard of review applies. *Lett*, at ¶22; *Allen* at ¶ 11. De

novo review requires an independent analysis of the record without deference to the trial court's decision. *Demeraski v. Bailey,* 2015-Ohio-2162, 35 N.E.3d 913, ¶ 11 (8th Dist.).

{¶21} Based upon our de novo review, it does not appear that the fact that Simon was not cited for traffic violations is new and material evidence which would exculpate him or impeach Trooper Kuehne. It is simply not relevant evidence because Trooper Kuehne conducted a lawful traffic stop based on probable cause and nothing required him to charge Simon with the traffic violations Trooper Kuehne observed. *See State v. Ewing,* 2017-Ohio-7194, 95 N.E.3d 1112, at ¶ 42 (2d Dist.) (The fact that a jaywalking citation was dismissed, and that defendant may have had a defense to the ordinance he was cited under was immaterial to stop's validity); *State v. Kelly,* 188 Ohio App.3d 842, 2010-Ohio-3560, 937 N.E.2d 149, at ¶27 (12th Dist.), (Fact that deputies neither contacted the dispatcher to verify defendant's license and registration information nor issued a traffic citation for defendant's violation of R.C. 4511.34 was irrelevant when deputies had probable cause to initiate the lawful traffic stop). *See State v. Willis* (May 23, 1996), 10th Dist. Franklin No. 95APC11-1552, 1996 WL 274100, at *3 (Where appellant argued trial court's dismissal of failure to maintain an assured clear distance ahead charge suggested a lack of reasonable

suspicion, appellate court disagreed.  Court's analysis is an objective

consideration of the evidence of erratic driving behavior).  Herein, Simon is

unable to show that the evidence that he was not cited is either exculpatory

or impeaching.  Accordingly, Simon is unable to show that the alleged

failure to provide this information to him was in violation of *Brady*.  And,

even if Simon's allegation of a *Brady* violation had been supported, nothing

suggests that Simon was prejudiced by the State's failure to provide this

evidence prior to his trial, as required by the third prong of the *Brady* test.

{¶22}  Even if the fact that Simon was not cited was somehow

relevant, nothing demonstrates that Simon was unavoidably prevented from

discovering this fact with reasonable diligence.  While Simon attached an

affidavit to his underlying motion reiterating his general claims, his affidavit

does not explain **how** he was unavoidably prevented from learning that he

was not given a traffic citation.  We cannot find that Simon's lack of

knowledge or awareness that he was not given traffic citations was because

it was unfairly withheld from him by the prosecutor, by Simon's former trial

counsel, or due to the court's alleged error in "failing to order" it be

provided.  The transcript in the underlying pretrial proceeding and at trial is

replete with instances in which Simon's felony counts were discussed and in

which it should have been quite obvious to Simon that traffic violations were

**not** being pursued for conviction.  For example:

1. Prior to Simon's suppression hearing on August 5, 2020, the trial court inquired as to whether Simon was given a packet of discovery.  Simon answered affirmatively.[3]

2. At the suppression hearing, Simon questioned his sole witness, Kalli Khepera Bey about the syntax of certain documents, including the police report.  At the conclusion of the hearing, a set of documents appearing to be a report of Mr. Bey was entered into evidence as Defendant's Exhibit B.  The last page of Exhibit B appears to be Trooper Kuehne's statement on the incident report he prepared on September 19, 2019.  The last paragraph of the report reads:  "I transported Mr. Simon to the Gallia County Jail.  He was incarcerated there and charged with F1 possession of cocaine and F1 drug trafficking."  This report does not indicate additional charges, traffic or otherwise, were filed.

3. At the status hearing on August 14, 2020, Simon's former counsel represented to the court that Simon had received a full copy of his discovery and that Simon had picked it up from his office.  Counsel represented to the court that he had a signed receipt dated June 30, 2020.

4. At Simon's trial, the trial court gave opening and closing jury instructions, instructing the jurors that Simon was charged with two counts, drug possession and drug trafficking.

5. At Simon's trial, the prosecutor's opening and closing statements, although not evidence, provided information to the jurors that the State was seeking convictions on two counts.  No traffic charges were mentioned.

---

[3] In our opinion in the direct appeal, we noted that Simon acknowledged receiving discovery at his suppression hearing.  *Simon I* at ¶ 17.

{¶23} Simon's interrelated arguments that he was unavoidably prevented from discovery of information that he was not cited by Trooper Kuehne for traffic violations is without merit. However, because his petition was untimely, the trial court was without jurisdiction to consider it. His constitutional claim of a *Brady* violation should have been dismissed.

{¶24} As an additional consideration, even if Simon's Motion for Leave had been timely, we would also be barred from considering it by application of the doctrine of res judicata. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on appeal from that judgment.' " *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis,* 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28. " ' "Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised." ' " *State v. Creech,* 4th Dist. Scioto No. 19CA3877, 2020-

Ohio-582, ¶ 11, quoting *State v. Heid,* 4th Dist. Scioto No.

15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery,*

2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.).  Simon had

appellate counsel on his direct appeal.  Simon, with reasonable

diligence, would have known that he was not given any traffic

citations as early as his arraignment date in the Gallipolis Municipal

Court, which the court record indicates took place on September 23,

2019.  Simon could have informed his appellate counsel to pursue this

argument in his direct appeal.  Apparently, he did not.  Thus, his

*Brady* claim is also barred by res judicata.

{¶25} In cases where a postconviction motion is untimely and an

appellant fails to argue one of the exceptions set forth in R.C.

2953.23(A)(1), we do not apply an abuse of discretion standard of review to

the argument but instead conclude that the trial court lacked jurisdiction to

entertain such motions.  *JayJohn, supra*, at ¶ 20; *Osborn, supra,* at ¶ 12.

Therefore, to the extent that Simon's *Brady* claim was filed as part of an

untimely postconviction motion, we find the trial court lacked jurisdiction to

address his constitutional argument.  Consequently, we find the trial court

did not err in failing to conduct a hearing on Simon's Motion for Leave as he

failed to present substantive grounds for relief.  We further find that the

constitutional claim raised in Simon's first, second, third, fourth, fifth, and sixth assignments of error is barred as having been brought in an untimely petition for postconviction relief. Thus, the trial court should have dismissed, rather than denied, the claim. Accordingly, the judgment appealed is affirmed but modified, under the authority of App.R. 12(A)(1)(a), to reflect the dismissal of Simon's constitutional claim. The judgment of the trial court shall remain intact with respect to Simon's remaining meritless claim, presented in the seventh assignment of error, and discussed below.

{¶26} In Simon's seventh assignment of error, he contends that the trial court refused to take into consideration the Supreme Court of Ohio's holding in *State v. Turner* in determining whether Trooper Kuehne had probable cause to initiate the traffic stop. Simon was stopped on September 19, 2019. The *Turner* decision was issued on December 22, 2020. In *Turner*, the Supreme Court of Ohio held that "the single solid white longitudinal line on the right-hand edge [of] a roadway—the fog line— marks the edge of the roadway and that such a marking merely 'discourages or prohibits' a driver from 'crossing' it, not 'driving on' or 'touching it.' " 2020-Ohio-6773, 170 N.E.3d 842 at ¶ 37, citing MUTCD Section 3A.06(B). In reaching its decision, the court noted that "[t]his interpretation of R.C.

4511.33(A)(1) is consistent with the greater weight of authority in jurisdictions across the nation that touching the single solid white longitudinal line on the right-hand side of the roadway does not constitute a violation of R.C. 4511.33(A)(1)." (Citations omitted.) *See State v. Oliver,* 2023-Ohio-1550, 214 N.E.3d 624 at ¶ 53 (8th Dist.); *Turner,* at ¶ 36.

{¶27} Simon's assertion is without merit. Given that we have determined that the trial court was without jurisdiction to entertain Simon's untimely petition, we cannot conclude that the trial court abused its discretion by denying his request to add this claim to his petition.

{¶28} Moreover, Simon's reliance on *Turner's* holding is misplaced because of factual differences and due to the application of res judicata. At Simon's suppression hearing, Trooper Kuehne testified as follows:

> When the vehicle passed it looked to me like there was only one occupant in the car, but whoever the person was back behind the B pillar where I could barely even see their face or anything about them. Uh, after the vehicle passed, I pulled out to catch up to it. It made a quick lane change from the right lane to the left lane and after it made that lane change it crossed over the yellow line on the left side of the road with its left side tires. As I got closer to the car I believe that's probably when the driver noticed I was behind him, uh, the vehicle changed lanes from the left lane to the right lane and took away the assured and clear distance of the vehicle that was already in the right lane. So after that lane change was complete there was about one car length of space between that and the other vehicle, uh, so I drew closer to the car and then I initiated a traffic stop with it at Milepost 6.

Not only did Trooper Kuehne testify that Simon's tires "crossed over the left side of the road with its left side tires," the trooper also observed Simon commit an assured clear distance violation. Furthermore, Simon was stopped on September 19, 2019. *Turner* was decided on December 22, 2020. Simon was sentenced on August 27, 2020. He timely appealed. The Gallia County Clerk of Court's docket, of which we may take judicial notice, reflects that Simon's appellate brief was filed on February 9, 2021. Any argument regarding *Turner's* supposed relevance and application should have been brought in Simon's direct appeal and is now barred by res judicata. Accordingly, his seventh assignment of error is without merit and is hereby overruled.

{¶29} In the case at bar, Simon's Motion for Leave was untimely. Simon also raised no issues that he could not have raised during his direct appeal. Here, the trial court "technically erred" by summarily overruling Simon's Motion for Leave rather than issuing a dismissal for lack of jurisdiction. Thus, under App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of his postconviction petition "Motion for Leave." The judgment of the trial court is affirmed as modified.

**JUDGMENT AFFIRMED AS MODIFIED.**

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE AFFIRMED AS MODIFIED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., & Wilkin, J.: Concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.199**