[Cite as *State v. Coby*, 2025-Ohio-2192.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No.  24CA4114 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Willie L. Coby, | : | **RELEASED 6/20/2025** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Willie Coby, Lancaster, Ohio, pro se appellant.

Shane A. Tieman, Prosecuting Attorney, and Jay Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____
Hess, J.

{¶1}    Willie L. Coby appeals from a judgment of the Scioto County Common Pleas Court denying his "motion for lack of jurisdiction over the subject-matter," which the court treated as a petition for postconviction relief.  Coby asserts one assignment of error, which he phrases as a question:  "Did the judge abuse his discretion when he denied the appellant's motion for lack of jurisdiction over the subject matter?"  For the reasons which follow, we overrule the assignment of error and affirm the judgment of the trial court as modified to reflect dismissal of the petition.

I. PROCEDURAL HISTORY

{¶2}    On May 17, 2022, the Scioto County grand jury indicted Coby on two counts of trafficking in a fentanyl-related compound, first-degree felonies, in violation of R.C. 2925.03(A)(2) and (C)(9)(h), with major drug offender specifications; two counts of

possession of a fentanyl-related compound, first-degree felonies, in violation of R.C. 2925.11(A) and (C)(11)(g), with major drug offender specifications; and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A) and (C). On September 21, 2022, the Scioto County grand jury issued a superseding indictment which charged Coby with two counts of trafficking in cocaine, first-degree felonies, in violation of R.C. 2925.03(A)(2) and (C)(4)(g), with major drug offender specifications; two counts of possession of cocaine, first-degree felonies, in violation of R.C. 2925.11(A) and (C)(4)(f); and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A) and (C).

{¶3} In February 2023, Coby executed a form in which he entered a plea of guilty to one count of trafficking in cocaine, a first-degree felony, amended from a violation of R.C. 2925.03(A)(2) and 2925.03(C)(4)(g) to a violation of R.C. 2925.03(A)(2) and 2925.03(C)(4)(f), and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A) and (C). The trial court accepted the plea. On May 31, 2023, the court conducted a sentencing hearing. On June 9, 2023, the court issued a judgment entry of sentence. Coby did not file a direct appeal.

{¶4} On October 18, 2024, Coby filed a "motion for lack of jurisdiction over the subject-matter." Coby asserted that the criminal jurisdiction of a common pleas court is invoked pursuant to Crim.R. 7(A), which provides that all felonies shall be prosecuted by indictment unless the defendant waives that right. He claimed the State failed to produce a proper indictment, so the trial court lacked subject-matter jurisdiction over his criminal case, and his judgment of conviction was void. Coby claimed the State allowed a trooper to tell the grand jury that the substance at issue was fentanyl instead of having it tested

in a laboratory to see whether it was a drug, and if so, what type of drug. He claimed the State knew the trooper's information was false because four months after the original indictment, a superseding indictment was issued which did not include any fentanyl-related offenses and instead included cocaine-related offenses. He claimed the State's "clear act of malicious prosecution" violated his constitutional rights, and the superseding indictment violated Crim.R. 7(D), which does not permit a court to amend an indictment to change the name or identity of the crime charged. He asked the trial court to "reverse and dismiss" his conviction.

{¶5} The trial court denied the motion. The court considered his motion a petition for post-conviction relief, found it was untimely, and concluded Coby did not explain why his petition was late or allege any factor which would let the court consider the late petition. In addition, the court found that res judicata barred Coby's claims and that he had not shown substantive grounds for relief.

## II. ASSIGNMENT OF ERROR

{¶6} Coby presents one assignment of error: "Did the judge abuse his discretion when he denied the appellant's motion for lack of jurisdiction over the subject matter?"

## III. LAW AND ANALYSIS

{¶7} In his sole assignment of error, Coby asks whether the trial court abused its discretion in denying his motion; his argument suggests the trial court should have granted it. Coby asserts that "[a] court's felony jurisdiction is invoked by the proper indictment by the Grand jury of the County." Coby claims the prosecutor secured the original indictment by not presenting exculpatory evidence and using false information to manipulate the grand jury. He suggests the trial court violated Crim.R. 7(D) by allowing

the superseding indictment to be filed. He also suggests the trial court violated Crim.R. 7(D) by amending one of the trafficking in cocaine offenses in the superseding indictment. Coby asserts that "[i]t is well settled in Ohio that a void indictment makes that judgment of conviction equally void for lack of jurisdiction of the subject matter." He relies on *State v. Cimpritz*, 158 Ohio St. 490 (1953), paragraph six of the syllabus, to support the position that he can raise his indictment-related challenges in a collateral proceeding.

### A. Subject-Matter Jurisdiction

{¶8} Subject-matter jurisdiction is "'the constitutional or statutory power of a court to adjudicate a particular class or type of case.'" *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 2023-Ohio-3534, ¶ 16, quoting *State v. Harper*, 2020-Ohio-2913, ¶ 23, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11-12, 34. "'"A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case."'" *Id.*, quoting *Harper* at ¶ 23, quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19 ("*Kuchta*"). "'Rather, the focus is on whether the forum itself is competent to hear the controversy.'" *Id.*, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4428, at 6 (3d Ed. 2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts"). "[A] court's lack of subject-matter jurisdiction renders that court's judgment void ab initio." *Kuchta* at ¶ 17, citing *Pratts* at ¶ 11. "The authority to vacate a void judgment . . . constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of syllabus. "[T]he issue of subject-matter jurisdiction can be challenged at any time . . . ." *Kuchta* at ¶ 17, citing *Pratts* at ¶ 11. "Whether a trial court had subject-matter jurisdiction is a question of law that we

review de novo." *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 11, citing *State v. Hudson*, 2022-Ohio-1435, ¶ 19.

**{¶9}** The trial court had subject-matter jurisdiction over Coby's felony criminal case. Ohio Const., art. IV, § 4(B) states: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." "The 'provided by law' qualification of Article IV means that there must be a statutory basis for jurisdiction." *State ex rel. Mobarak v. Brown*, 2024-Ohio-221, ¶ 7. R.C. 2931.03 states that "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." "This includes subject-matter jurisdiction over felony cases." *State ex rel. Mitchell v. Pittman*, 2022-Ohio-2542, ¶ 12, citing *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8.

**{¶10}** Coby does not raise a valid challenge to the trial court's subject-matter jurisdiction. The Supreme Court has stated that "felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). However, "[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430 (1998). Even if irregularity occurred in the grand jury proceedings, "[a]lleged irregularities in the proceedings of the grand jury returning an indictment do not deprive the lower court of jurisdiction to proceed thereunder." *State ex rel. Kynard v. Court of Common Pleas of Lucas Cty.*, 62 Ohio St.2d 308, 309 (1980). Moreover, "[w]hen a specific action is within a court's subject-matter jurisdiction, any error

in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Harper* at ¶ 26. So even if a violation Crim.R. 7(D) occurred, it would be a voidable error, not create a defect in subject-matter jurisdiction which would render the judgment of conviction void.

**{¶11}** Coby's reliance on *Cimpritz* is misplaced. He directs us to the Supreme Court's statement that "[a] judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *Cimpritz*, 158 Ohio St. 490, at paragraph six of the syllabus. However, the Supreme Court has "clarified *Cimpritz* by holding that a defective-indictment claim could be raised only by direct challenge in the ordinary course of law . . . ." *State ex rel. Bandarapalli v. Gallagher*, 2011-Ohio-230, ¶ 1, citing *State v. Wozniak*, 172 Ohio St. 517, 522-523 (1961), and *Midling v. Perrini*, 14 Ohio St.2d 106 (1968), syllabus.

### B. Petition for Postconviction Relief

**{¶12}** The trial court correctly characterized Coby's motion as a petition for postconviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12. R.C. 2953.21(A)(1)(a)(i) authorizes "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

Coby's motion falls within this provision because he was convicted of criminal offenses, the motion claimed there was such a denial or infringement of his rights as to render the judgment void under the Ohio Constitution or the Constitution of the United States, and the motion effectively asked the sentencing court to vacate or set aside the judgment.

**{¶13}** "A court may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A) unless R.C. 2953.23(A)(1) or (2) applies." *State v. Jewett*, 2022-Ohio-2612, ¶ 13 (4th Dist.). "Trial courts lack jurisdiction to consider an untimely . . . petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A)." *State v. Moody*, 2024-Ohio-864, ¶ 9 (2d Dist.). Coby does not dispute the trial court's finding that his petition was untimely under R.C. 2953.21(A), and as the trial court pointed out, he did not allege any factor which would permit the court to consider his late petition. Therefore, the trial court lacked jurisdiction to consider his petition.

**{¶14}** Because Coby failed to show the trial court erred when it denied his petition instead of granting it, we overrule his assignment of error. However, the trial court technically erred by denying the petition on multiple grounds instead of dismissing it for lack of jurisdiction. *Jewett* at ¶ 22. Accordingly, under App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of Coby's petition. *See id.* (modifying a judgment denying a petition for postconviction relief to reflect dismissal of the petition). We affirm the trial court's judgment as modified.

　　　　　　　　　　　　　　　　　　　　　　JUDGMENT AFFIRMED AS MODIFIED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
         Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**