[Cite as *State v. Horsley*, 2025-Ohio-5806.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 25CA15 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| David K. Horsley, | : | **RELEASED 12/26/2025** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

David K. Horsley, McArthur, Ohio, pro se appellant.

Jayme Hartley Fountain, Pickaway County Prosecutor, Circleville, Ohio, for appellee.
_____
Hess, J.

{¶1}   David K. Horsley appeals from a judgment of the Pickaway County Common Pleas Court denying his "petition to vacate or set aside judgment of conviction or sentence."  Horsley presents two assignments of error asserting that (1) the trial court erred in failing to issue "facts and findings" on the petition, resulting in the violation of his constitutional rights; and (2) his petition is timely, so we must review it "for merits," and the failure to do so would violate his constitutional rights.  For the reasons which follow, we overrule the assignments of error and affirm the judgment of the trial court as modified to reflect dismissal of the petition.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}    On November 6, 1998, Horsley was indicted on one count of assault on a peace officer, a fourth-degree felony. Horsley initially pleaded not guilty.  The matter was set for trial on April 29, 1999 at 9:00 a.m. Horsley failed to appear, and the court issued a capias for his arrest. Later that day, Horsley entered a guilty plea in exchange for the State's agreement to not file a failure to appear charge and recommend a PSI. The court withdrew the capias. On June 11, 1999, the trial court issued an "entry of community control." The entry set forth the fact of conviction, i.e., that Horsley entered a guilty plea. *See State v. Baker*, 2008-Ohio-3330, ¶ 15, quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927) (a guilty plea "'is itself a conviction'"), *modified in part on other grounds by State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus. The entry also set forth his sentence to three years of community control, which included a requirement that Horsley participate in and successfully complete a community-based correction facility ("CBCF"), the judge's signature, and the time stamp indicating the entry upon the journal by the clerk.

{¶3}    On August 25, 1999, Horsley filed a motion to withdraw plea. On October 14, 1999, the court issued an entry overruling the motion.  On November 15, 1999, Horsley filed a notice of appeal from the entry overruling the motion. On November 24, 1999, the parties filed an "agreed entry" stating that they agreed that the notice of appeal was "hereby voluntarily WITHDRAWN without prejudice."

{¶4}    On November 29, 1999, the trial court issued an "entry re-sentencing defendant and ordering sentence into execution." The entry explained that Horsley had been denied admission into CBCFs in Licking and Franklin Counties. The court sentenced

him to nine months in prison.[1] On December 8, 1999, we issued an entry dismissing Horsley's appeal from the entry overruling the motion to withdraw plea.

**{¶5}** On March 4, 2025, Horsley filed a "petition to vacate or set aside judgment of conviction or sentence" in the trial court requesting postconviction relief pursuant to R.C. 2953.21 and asking that the court vacate his conviction on the ground that it was void or voidable under the United States or Ohio Constitution. The trial court denied the petition. The court determined that pursuant to R.C. 2953.21(A)(2)(a), Horsley had to file his petition no later than 365 days after the expiration of time for filing an appeal. The court concluded that Horsley did not do so and considered whether R.C. 2953.23, which permits a court to entertain an untimely petition under certain circumstances, applied. The court determined it did not because Horsley claimed he had new evidence that invalidated his conviction, but Horsley "made no case that he was unavoidably prevented from discovering this fact within the statutory period prescribed for a petition for post-conviction relief." The court then observed that Horsley claimed he was denied the effective assistance of counsel and explained that the court did not have to address this argument because he failed to establish "the first requirement for an untimely petition." However, the court noted that Horsley's complaints that an attorney did not make closing arguments at a hearing and that another attorney had a conflict of interest because he accepted a position with the prosecutor's office two months after the conclusion of the matter did not rise to the level required to prove ineffective assistance of counsel.

---

[1] Although the court characterized its entry as a "re-sentencing" entry, the court essentially sentenced Horsley for a violation of community control because he failed to comply with the requirement that he participate in and successfully complete a CBCF.

## II.  ASSIGNMENTS OF ERROR

**{¶6}**   Horsley presents two assignments of error:

The Trial court erred in failing to issue a facts and findings [sic] on the Petition to Vacate or Set Aside the Conviction or Sentence resulting in a violation of the 6th Amendment to the U.S. Constitution on Direct Appeal through the Due Process Clause of the 14th Amendment, Article 1, Section 10 and 16 of the Ohio Constitution and the denial of merit review of the petition that is protected by the Due Process Clause as applied to the states through the 14th Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution.

As I have met the time limit in R.C. 2953.21(A)(2)(a), [t]he Appellate Court must review the entire petition for merits if I have filed within the proper time limit.  The failure to do so would be a violation of the 6th Amendment to the U.S. Constitution on Appeal as applied to the states through the Due Process Clause of the U.S. Constitutional [sic] and Article 1, Section 10 of the Ohio Constitution, a violation of Due Process Clause as applied to the states through the 14th Amendment to the U.S. Constitution and Article 1, Section 16 of the Ohio Constitution for failure to perform an *Anders* review appeal a violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution, and Article 1, Section 2 of the Ohio Constitution for failure to provide a transcript at state expense.  Evitts v. Lucey, 469 U.S. 387, 397.  (1985)a [sic] violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution, and Article 1, Section 2 of the Ohio Constitution. *Evitts v. Lucey*, 469 U.S. 387, 397 (1985).[2]

## III.  LAW AND ANALYSIS

### A.  Legal Principles

**{¶7}**   R.C. 2953.21(A)(1)(a)(i) authorizes "[a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the

---

[2] The assignments of error are taken from pages 1 and 13 of the appellant's brief.  The first assignment of error is stated somewhat differently elsewhere in the brief.

court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

R.C. 2953.21(A)(2)(a) states:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶8}** R.C. 2953.23(A) states that

> a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] . . . unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code . . . , the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance

or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶9}   "'A court may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A) unless R.C. 2953.23(A)(1) or (2) applies.'" *State v. Coby*, 2025-Ohio-2192, ¶ 13 (4th Dist.), quoting *State v. Jewett*, 2022-Ohio-2612, ¶ 13 (4th Dist.).  "'Trial courts lack jurisdiction to consider an untimely … petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A).'"  (Omission in original.) *Id.*, quoting *State v. Moody*, 2024-Ohio-864, ¶ 9 (2d Dist.).  And "a trial court has no legal duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief."  *State ex rel. Dillon v. Cottrill*, 2016-Ohio-626, ¶ 5 ("*Cottrill*"), citing *State ex rel. Kimbrough v. Greene,* 2002-Ohio-7042, ¶ 6.  "'We review de novo whether the trial court had subject-matter jurisdiction to entertain [a] petition [for postconviction relief].'" (Bracketed text in original.)  *State v. Johnson*, 2024-Ohio-134, ¶ 11, quoting *State v. Bethel*, 2022-Ohio-783, ¶ 20, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

## B.  Analysis

{¶10}  In the first assignment of error, Horsley contends the trial court erred by not issuing "facts and findings" on his petition, resulting in the violation of his constitutional rights.  Horsley asserts that the court incorrectly applied the deadline in R.C. 2953.21(A)(2)(a) for when no appeal is taken to his petition. Horsley claims an appeal was taken when he filed the November 15, 1999 notice of appeal, so he had to file his petition no later than 365 days after the trial transcript was filed in this court. Horsley claims he met this deadline because, due to error by his former counsel, the trial transcript was not filed in this court until June 9, 2025, i.e., after Horsley filed his petition. He

maintains applying the deadline for when no appeal is taken violates his constitutional rights. And he asserts that because his petition was timely, "facts and findings must be issued by the trial court." In the second assignment of error, Horsley contends that because his petition is timely, we must review the merits of it, and the failure to do so would violate his constitutional rights. He makes various arguments as to why we should acquit him.

{¶11} Contrary to what Horsley asserts, his petition for post-conviction relief was untimely. For the transcript-related deadline in R.C. 2953.21(A)(2)(a) to apply, Horsley had to file a "direct appeal of the judgment of conviction." No direct appeal was taken from the judgment of conviction, which the trial court issued on June 11, 1999. *See* Crim.R. 32(C) ("A judgment of conviction shall set forth the fact of conviction and the sentence. . . . The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk"); *Lester*, 2011-Ohio-5204, at paragraph one of the syllabus ("A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."). The notice of appeal Horsley filed in November 1999 was from the entry overruling his motion to withdraw his guilty plea, not the judgment of conviction.

{¶12} Because no appeal was taken from the judgment of conviction, Horsley had to file his petition for postconviction relief no later than 365 days after the expiration of the time for filing the appeal from that judgment. Under App.R. 4(A)(1), a party who wishes to appeal from an order that is final upon its entry generally must file the notice of appeal within 30 days of that entry. Under App.R. 14(A), if the last day of the period is a Saturday,

Sunday, or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.   Therefore, Horsley had until July 12, 1999, to file his notice of appeal from the judgment of conviction and had until July 11, 2000, to file a petition for postconviction relief.   Horsley did not file his petition until March 4, 2025, almost 25 years late.   Thus, his petition was untimely.

**{¶13}** The trial court could not entertain Horsley's petition unless R.C. 2953.23(A)(1) or (2) applied, and Horsley has not shown that either applied.   Horsley has not presented us with any argument regarding the requirements of R.C. 2953.21(A)(1)(a). He does not challenge the trial court's finding that he "made no case that he was unavoidably prevented from discovering" evidence on which he relied "within the statutory period prescribed for a petition for post-conviction relief."   He does claim the State hid a document from him by not including it in discovery, but that is insufficient to show that he was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief.  *See State v. Simon*, 2024-Ohio-925, ¶ 11 (4th Dist.), quoting *State v. McDaniel*, 2023-Ohio-3051, ¶ 11 (4th Dist.), quoting *State v. Cunningham*, 2016-Ohio-3106, ¶ 19 (3d Dist.) (""'A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief"'"). Horsley also does not argue that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation and that he asserted a claim in his petition based on that right.   Therefore, R.C.

2953.23(A)(1) is not applicable.   In addition, this case does not involve DNA testing, so R.C. 2953.23(A)(2) is not applicable.

**{¶14}** Because Horsley's petition was untimely, and the untimeliness was not excused under R.C. 2953.23(A), the trial court lacked jurisdiction to consider the petition, *Coby*, 2025-Ohio-2192, at ¶ 13 (4th Dist.), and had no duty to issue findings of fact and conclusions of law, *Cottrill*, 2016-Ohio-626, at ¶ 5.   Consequently, we overrule the first assignment of error in which Horsley asserts that the court erred in failing to issue "facts and findings" on his petition.   We also overrule the second assignment of error in which Horsley asserts that we must review his petition on the merits because it is timely.

**{¶15}** However, the trial court technically erred by denying the petition instead of dismissing it for lack of jurisdiction.  *Coby* at ¶ 14.  Accordingly, under App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of Horsley's petition.  *See id.* (modifying a judgment denying a petition for postconviction relief to reflect dismissal of the petition).  We affirm the trial court's judgment as modified.

JUDGMENT AFFIRMED AS MODIFIED.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**